UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO-CLC,<br><br>Plaintiff,<br><br>v.<br><br>HUSSMANN CORPORATION,<br><br>Defendant. | No. 4:15-CV-278 JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 7) The motion is fully briefed and ready for disposition.

**Background**

Plaintiff United Steel, Paper and Forestry, Rubber Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO-CLC ("USW") brings this action under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, to compel Defendant Hussmann Corporation ("Hussmann") to participate in grievance and arbitration procedures of two employee pension disability benefit claim denials.

Hussmann and USW, on behalf of its Local Union No. 9014 ("Local 9014"), are parties to a Collective Bargaining Agreement ("CBA") that governs terms and conditions of employment for bargaining unit members at Hussmann's Bridgeton facility. (Complaint to Compel Arbitration ("Compl."), Doc. No. 1 at ¶ 7) The CBA contains a grievance procedure at

Article 7. (Id. at ¶ 8; Doc. No. 1-4 at 7-8) At Article 16, the CBA incorporates by reference the Hussmann Corporation Retirement Plan ("Plan"), an employee pension benefit plan as defined in Section 3(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 26 U.S.C. § 1002(2), and negotiated by the parties. (Id. at ¶ 9; Doc. No. 1-4 at 18) The Plan provides for a disability pension for employees who become disabled and unable to work prior to becoming eligible for any other type of retirement benefit and includes claims procedures at Article 9. (Id. at ¶¶ 9-11; Doc. No. 1-4 at 55-58)

In 1980, the parties or their predecessors amended the USW employees' adoption agreement for the Plan to allow denials of benefit claims to be appealed through the grievance and arbitration procedure in the CBA. (Id. at ¶ 12; Doc. No. 1-4 at 66-70)[1] According to USW, this amendment has never been discussed or negotiated away since 1980, and Hussmann has processed grievances challenging denials of disability pensions, although all such grievances have been settled prior to arbitration. (Id. at ¶¶ 12, 13) Recently, however, Hussmann has refused to process such grievances, and others, to arbitration in violation of the CBA. (Id. at ¶ 14) USW specifically alleges that Hussmann has refused to process two grievances challenging the denial of disability pension benefit claims, one filed on December 2, 2013 and one filed on September 29, 2014. (Id. at ¶¶ 14-15)

---

[1] The amendment provides as follows:

> The Adoption Agreement 1 for the Bridgeton Hourly Employees is amended to include the following paragraphs:

a. "If after exhausting the claims appeal procedure contained in Article XI, Section 11.3 of this Plan, the Participant, is still dissatisfied with the Benefit Committee's decision about the application of a specific provision of the plan to him, he may appeal through the Grievance/Arbitration procedure of the Labor Agreement at Step 3".
b. "The Company agrees to continue the Plan without change irrespective of the provisions of Article XII of this Plan and the Company will recognize its bargaining obligation to the Union concerning termination or amendment of the plan during the tenure of the Bargaining Agreement. Exceptions are those amendments which may be required to meet government or tax regulations".

USW seeks a judgment requiring Hussmann to arbitrate these two employee disability pension benefit claim denials (see id. at ¶¶ 14-15) and declaring that Hussmann has breached its obligation in failing and refusing to do so. Hussmann moves to dismiss USW's action on the grounds that the scope of the parties' arbitration agreement does not extend to pension disability benefit claims because such claims are excluded by the Plan.

**Discussion**

A party who seeks to compel arbitration must demonstrate the existence of a valid agreement to arbitrate and that the specific dispute at issue falls within the scope of that agreement. MedCam, Inc. v. MCNC, 414 F.3d 972, 974 (8th Cir. 2005) (citing Bob Schultz Motors, Inc. v. Kawasaki Motors Corp., U.S.A., 334 F.3d 721, 726 (8th Cir. 2003)). See also Bailey v. Ameriquest Mortg. Co., 346 F.3d 821, 822 (8th Cir. 2003); Larry's United Super, Inc. v. Werries, 253 F.3d 1083, 1085 (8th Cir. 2001); Houlihan v. Offerman & Co., Inc., 31 F.3d 692, 694–95 (8th Cir. 1994). "[T]he question of scope asks only whether the parties have agreed to arbitrate a particular claim and does not reach the potential merits of the claim." MedCam, 414 F.3d at 975. The Eighth Circuit has noted that "[a]n arbitration clause may establish a presumption of arbitrability, but the presumption may be overcome by an express provision excluding a particular grievance from arbitration or by persuasive evidence of a purpose to exclude the claim from arbitration." Local 38N Graphic Communications Conference/IBT v. St. Louis Post–Dispatch, LLC, 638 F.3d 824, 826 (8th Cir. 2011).

In support of its motion to dismiss, Hussmann argues that where a labor agreement incorporates a benefit plan by reference, and the plan contains an alternative dispute resolution process, claims for benefits are excluded from arbitration. (Doc. No. 8 at 6) (citing Teamsters Local Union No. 783 v. Anheuser-Busch, Inc., 626 F.3d 256, 263 (6th Cir. 2010); United

Steelworkers of Am., AFL-CIO-CLC v. Commonwealth Aluminum Corp., 162 F.3d 447, 451-52 (6th Cir. 1998); Int'l Ass'n of Machinists & Aerospace Workers, Dist. No. 10 v. Waukesha Engine Div., Dresser Indus., Inc., 17 F.3d 196, 198 (7th Cir. 1994); Local Union No. 4-449, Oil, Chem. & Atomic Workers Union, AFL-CIO v. Amoco Chem. Corp., 589 F.2d 162, 164 (5th Cir. 1979)). Here, the Plan has been incorporated by reference into the CBA. The Plan gives the Benefits Administration Committee discretionary authority to interpret the Plan. (Doc. No. 8-1 at 57-59, § 8.3) ("The Benefits Administration Committee shall have and shall exercise complete discretionary authority to construe, interpret and apply all terms of the Plan, including all matters relating to eligibility for benefits, amount, time or form of benefits, and any disputed or allegedly doubtful Plan concerned."). Consistent with ERISA, the Plan provides a separate claims procedure at Article 9, and states that decisions of the Benefits Administration Committee "shall be final and binding upon any and all claimants." (See Doc. No. 1-4 at 55-57; Doc. No. 8-1 at 64, § 9.2 (b)). The Plan further provides that "[i]n the event a claimant's appeal is denied by the Benefits Administration Committee, he or she shall have a right to bring a civil action under Section 502(a) of ERISA. (Doc. No. 1-4 at 58; Doc. No. 8-1 at 64, § 9.3) Hussmann asserts that this demonstrates the parties' intent to exclude pension disability claims from the arbitration agreement. (Doc. No. 8 at 7)

Hussmann further argues that the Plan, as amended and restated effective January 1, 2010, does not include an agreement to arbitrate pension disability benefit claims. While acknowledging that the 1980 amendment to the adoption agreement for Hussmann's Plan allowed denials of benefit claims to be appealed through the grievance and arbitration procedure in the CBA, Hussmann asserts the CBA has since been negotiated and superseded at least eight

times, and the arbitration provision has not been in the adoption agreement since at least 1999. (Doc. No. 8 at 5-7; Doc. No. 22 at 2-4)

USW maintains the 1980 amendment is still in effect. In its response in opposition to Hussmann's motion, USW argues that "apparently inadvertently," the Plan was never restated to include the amendment and that its non-inclusion in subsequent restatements was never negotiated or discussed with USW. (Doc. No. 19 at 2-3) USW also argues that past practice is consistent with the 1980 amendment in that Hussmann routinely processed grievances challenging denials of disability pensions. (Id. at 3-4) (citing Affidavit of Michael Susic ("Susic Aff."), Doc. No. 19-3 at ¶¶ 7-8; Doc. No. 1-4, Exhibits 4, 5, 7, 8, 9) It was not until November 2014 that Hussmann informed USW of its position that the grievance and arbitration process is not the proper forum to adjudicate disputes over benefits claims. (See Doc. No. 1-4, Exhibits 7, 9)

In reply, Hussmann argues that when a plan is amended and restated, all provisions not included in the restatement are no longer in effect. (Doc. No. 22 at 2) (citing Hauck v. Eschbacher, 665 F.2d 843, 845 (8th Cir. 1981)). Hussmann also contends it had no duty to negotiate the removal of the arbitration provision; its duty to continue the Plan without change was, per the terms of the 1980 amendment, limited to the "tenure of the Bargaining Agreement," (see supra, n. 1), which has been repeatedly renegotiated. (Id. at 3) According to Hussmann, the current restatement of the Plan, minus the arbitration provision, governs the parties' dispute. Lastly, Hussmann argues USW has failed to establish an arbitration agreement based on past practice in that USW cannot point to an instance where a disability claim was arbitrated. (Id. at 5)

If a collective bargaining agreement contains an arbitration clause, there is a "presumption of arbitrability." Local 38N, 638 F.3d at 826. This presumption may be overcome by an express provision excluding a particular grievance from arbitration or by persuasive evidence of a purpose to exclude the claim from arbitration. Id. The establishment of a separate appeals process for certain disputes has been held to overcome the presumption. See, e.g., Teamsters Local, 626 F.3d 256 (collecting cases). However, clear and long-standing practices of the parties, i.e., "past practices," can establish terms of a collective bargaining agreement that are as binding as any specific written provision. Cruz-Martinez v. Dep't of Homeland Sec., 410 F.3d 1366, 1370 (Fed. Cir. 2005). Generally, factors relevant to a finding of a binding past practice are the duration and consistency of its application and the parties' acquiescence in it. Id.

USW alleges that in the past, Hussmann has processed grievances challenging denials of disability pensions, although all such grievances settled before arbitration. (Compl. at ¶ 13) USW further alleges that in one case in particular, a grievance progressed as far as selection of an arbitrator and correspondence with the arbitrator to schedule a date for arbitration. (Id.; Doc. No. 1-4, Exhibit 4) With respect to the two grievances which are the subject of this lawsuit, USW alleges the parties jointly submitted requests for arbitration panels to the Federal Mediation and Conciliation Service. (Id. at ¶ 17; Doc. No. 1-4, Exhibit 8)

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of USW, the Court finds USW has sufficiently pled a plausible arbitration agreement based on the past practice of the parties. Of course the Court is not

reviewing the merits of the claim at this stage of the proceedings. These are matters to be determined by the evidence.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [7] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Ruling Pursuant to CJRA [23] is **DENIED** as moot.

**IT IS FIINALLY ORDERED** that a Rule 16 conference will be set by separate order.

Dated this 29th day of February, 2016.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**